**Schenk v. Chen**

*Bernard L. Kubert*, for plaintiff.
*Joseph I. Papalini*, for defendant.

SPORKIN, *J.*, July 24, 1981—This is an appeal from an award of arbitrators in favor of plaintiffs, George J. and Sarah Helen Schenk, and against defendant Kuo Sin Chen in the amount of $6,500. The case arose from a collision wherein defendant's car struck the rear of plaintiffs' car. Defendant admitted liability and the subject of the litigation was the extent of the damages suffered by plaintiffs and against defendant in the amount of $7,800. Thereafter, upon motion of plaintiffs, delay damages in

the amount of $858 were granted in favor of plaintiffs by order of this court on January 19, 1981.[1]

Following the dismissal of defendant's exceptions to the said order, defendant filed an appeal.

The only issue before us is whether delay damages in the sum of $858 should be added to the verdict of $7,800 under Pa.R.C.P. 238.

Rule 238 entitled "Award of Damages for Delay in an Action for Bodily Injury, Death or Property Damage" reads in relevant part:

(a) Except as for provided in subdivision (e) in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the Court . . . shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or *in the court's decision in a non-jury trial* (emphasis added), damages for delay at ten (10) per-cent per annum, not compounded which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

(e) If a defendant at any time, prior to trial makes *written* (emphasis added) offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until

---

1. The order of January 19, 1981 reads in relevant part: "It is hereby ordered and decreed that pursuant to Pennsylvania Rule of Civil Procedure 238 delay damages in the amount of $858 covering the period October 16, 1979 to November 19, 1980 be added to the $7,800 verdict entered on November 19, 1980 for a total award of $8,658 issued in favor of plaintiffs and against defendant."

commencement of the trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125% of the offer, the Court or the arbitrator shall not award damages for delay for the period after the date the offer was made.

Defendant admits that "there is agreement of counsel that offers of settlement in the amount of the arbitration award was made by defendant, and was refulsed by plaintiffs, but there was no written letter sent by defendant to plaintiffs regarding the same."[2]

We are convinced that the words of Rule 238 are clear and unambiguous and therefore, we are bound to construe and apply the words as written. Plaintiffs have taken a consistent and resolute position that they would not accept the amount verbally offered by defendant in settlement of their claim. This position was legally formulated and presented to defendant in November of 1979 when plaintiffs perfected their appeal from the arbitration award of $6,500 entered on October 15, 1979. Despite further verbal offers of settlement made by defendant, no written offers of settlement were made as required by Rule 238(c) and therefore, we conclude that delay damages in the amount of $858 should have been added to the non-jury verdict of $7,800, which sum equals a total award of $8,658.

---

2. A letter dated December 12, 1980 was sent to this court by defendant's counsel as per the direction of the trial court and is deemed an exhibit and part of the record of the defendant in the above captioned case. Likewise, plaintiffs' counsel submitted a letter to this court dated December 17, 1980 as per the direction of the trial court which confirms defendant's failure to send a written offer of settlement.

Accordingly, for the reasons herein discussed the exceptions of defendant to the order of January 19, 1981 are hereby denied and dismissed.